IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALEX NATHAN MITCHELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 2:16-CV-8075-KOB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM OPINION**

Alex Nathan Mitchell brings his third motion[1] under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence by a person in federal custody. (Doc. 1). Prior to filing this motion, Mr. Mitchell obtained authorization from the Eleventh Circuit to file a successive § 2255 petition.

Mr. Mitchell's motion arises from his June 2, 2009 conviction of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Cr. Doc. 39).[2] The court sentenced him to 235 months of imprisonment on September 30, 2009. (Cr. Doc. 54 at 2). The sentence included an enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on three underlying convictions for violent felonies. (Cr. Doc. 68 at 11). The predicate convictions were (1) resisting an officer with violence under Florida law; (2) aggravated assault by threat under Florida law; and (3) third degree robbery under Alabama law. (Cr. Doc. 1).

---

[1] Mr. Mitchell previously filed two § 2255 petitions—September 2, 2011, and November 4, 2011, respectively—that were denied. (Cr. Docs. 73–74).
[2] The court will use "Cr. Doc." to cite to the docket for the original criminal proceedings, Case No. 2:09-CR-00035-KOB-HGD-1.

1

Mr. Mitchell appealed his § 922(g)(1) conviction and sentence to the Eleventh Circuit on October 10, 2009. (Cr. Doc. 51). In his appeal, he argued that his conviction and sentence were improper because (1) the district court improperly denied his motion to suppress; (2) he was improperly categorized as an armed career criminal; and (3) his sentence was unreasonable. (Cr. Doc. 72). The Eleventh Circuit affirmed Mr. Mitchell's conviction and sentence. (*Id.*).

In support of this motion, Mr. Mitchell argues that "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" applies to his case, under 28 U.S.C. § 2255(h)(2). Specifically, he contends that his underlying convictions for resisting an officer with violence and aggravated assault no longer qualify as violent felonies under the ACCA in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016).

On July 2, 2016, the court ordered the Government to show cause why the court should not grant Mr. Mitchell's § 2255 motion. (Doc. 3). The Government responded on August 5, 2016. (Doc. 7). Mr. Mitchell filed his reply brief on August 10, 2016. (Doc. 8). The court then allowed supplemental briefing by both Mr. Mitchell and the Government, who filed briefs on December 15, 2016, and January 20, 2017, respectively, regarding whether Mr. Mitchell's conviction for third degree robbery under Alabama law qualifies as a violent felony under the ACCA. (Doc. 10).

Mr. Mitchell's § 2255 motion is now ripe for review.

**I. Background**

The indictment charged Mr. Mitchell with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Cr. Doc. 1). Mr. Mitchell pled not guilty. Following a jury trial on June 1–2, 2009, the jury convicted Mr. Mitchell. (Cr. Doc. 39).

The presentence report (PSR) recommended an enhancement under the ACCA, 18 U.S.C. § 924(e)(1), because Mr. Mitchell had three prior convictions for violent felonies: (1) aggravated assault by threat under Florida law; (2) resisting an officer with violence under Florida law; and (3) third-degree robbery under Alabama law. (Cr. Doc. 65 at ¶ 19).

The ACCA provides that a person who violates 18 U.S.C. § 922(g) and has three prior violent felony or serious drug offense convictions shall face an enhanced sentence. 18 U.S.C. § 924(e)(1). A "violent felony" is a crime punishable by imprisonment for more than one year that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another . . . .

*Id.* § 924(e)(2)(B). Subsection (i) is commonly referred to as the "elements clause." Subsection (ii) is split into two clauses: the "enumerated offenses clause" refers to "burglary, arson, or extortion, [or] involves use of explosives," and the "residual clause" refers to "otherwise involves conduct that presents a serious risk of physical injury to another."

Mr. Mitchell objected to that enhancement before sentencing, arguing that these prior convictions did not qualify as violent felonies. (Cr. Doc. 47). The probation officer responded in detail that each of the three convictions had as an element the use, attempted use, or threatened use of physical force against the person of another. (Cr. Doc. 52, Addendum). In doing so, the probation officer utilized the elements clause of the ACCA.

On September 30, 2009, the court sentenced Mr. Mitchell to 235 months of imprisonment, to run concurrently with his Jefferson County Court cases, and supervised release for 60 months with special conditions. In calculating Mr. Mitchell's sentence, the court enhanced his sentence pursuant to the ACCA. While the court did not explicitly say at sentencing under

3

which of the three clauses Mr. Mitchell's three prior convictions fell—the elements clause, the enumerated offenses clause, or the residual clause—the court stated:

> I'm going to overrule the objections [to the ACCA enhancement] and adopt the probation officer's responses or the reasons along with what the government has argued. . . . I'm going to adopt the factual statements contained in the presentence report and make specific findings that the defendant is an armed career criminal who has three qualifying violent felonies . . . .

(Cr. Doc. 68 at 11). So by adopting the probation officer's responses, the court implicitly applied the elements clause to determine the applicability of the ACCA enhancement.

On October 10, 2009, before the entry of the judgment against him,[3] Mr. Mitchell filed his notice of appeal to the Eleventh Circuit. (Cr. Doc. 51). On appeal, Mr. Mitchell argued that (1) the district court improperly denied his motion to suppress; (2) he was improperly categorized as an armed career criminal pursuant to 18 U.S.C. § 924(e); and (3) his sentence was unreasonable. (Cr. Doc. 72). Specifically as to his categorization as an armed career criminal, Mr. Mitchell argued that his conviction for resisting an officer with violence does not constitute a violent felony under the ACCA, but did not make any argument as to the categorization of his prior convictions under the elements clause, enumerated offense clause, or residual clause. Brief of Appellant Alex Nathan Mitchell, at 24–26, United States v. Mitchell, 407 F. App'x 407 (11th Cir. 2011) (No. 09-15292-BB), 2010 WL 5621781, at *24–26.

On January 6, 2011, the Eleventh Circuit affirmed Mr. Mitchell's conviction and sentence. (Cr. Doc. 72). Despite the court's adoption of the PSR, which classified the conviction for resisting an officer with violence under the elements clause, the Eleventh Circuit only analyzed the offense under the residual clause, and found that the offense fell "squarely within ACCA's residual clause." *Mitchell*, 407 F. App'x at 411.

---

[3] On October 15, 2009, the court entered judgment against Mr. Mitchell and sentenced him as pronounced on September 30, 2009 (Cr. Doc. 54).

Mr. Mitchell filed his first § 2255 motion on September 2, 2011, in which he disputed his conviction based upon four different grounds of ineffective assistance of counsel. (Cr. Doc. 73). The court denied the motion on July 23, 2013. (Civil No. 2:11-cv-08034-IPJ-HGD, Doc. 44). On November 4, 2011, Mr. Mitchell filed his second § 2255 motion, in which he argued that a plea of nolo contendre to resisting an officer with violence and to aggravated assault could not establish a prior conviction sufficient to sentence him under the ACCA. (Cr. Doc. 74). That case was administratively closed on November 7, 2011, as duplicative of the first § 2255 motion, and the motion was instead filed as an amendment in the first § 2255 case. (Civil No. 2:11-cv-08039-IPJ-HGD, Doc. 2).

Before filing this successive § 2255 motion, Mr. Mitchell sought and obtained authorization from the Eleventh Circuit to file his motion based upon his showing that a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, may apply to his case. (Doc. 1-1).

Finally, on June 22, 2016, Mr. Mitchell filed the § 2255 motion at hand. (Doc. 1; Cr. Doc. 75). In this § 2255 motion, Mr. Mitchell contends that two of his three prior convictions used for sentencing under the ACCA—resisting an officer with violence, and aggravated assault, both under Florida law—no longer qualify as violent felonies under the ACCA in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016).

After the filing of briefs on this motion, Mr. Mitchell sought supplemental briefing regarding whether his conviction for third degree robbery under Alabama law was a violent felony under the ACCA. (Doc. 9). The court granted the request, and the parties fully briefed the issue.

5

**II. Standard of Review**

Section 2255(h) bars the filing of a "second or successive" motion unless the Circuit Court of Appeals first certifies that the proposed motion is based on either newly discovered evidence that would result in the acquittal of the movant or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1260 (11th Cir. 2013); *Gilbert v. United States*, 640 F.3d 1293, 1305 (11th Cir. 2011). Only after the Circuit Court of Appeals has certified that the movant made a prima facie showing that the second or successive motion falls into one of these narrow circumstances may the district court embark on adjudication of the claim.

But once the circuit court authorizes the district court to review a second or successive petition, the district court must determine for itself whether the petitioner has met the requirements for a second or successive petition pursuant to § 2244(b)(4). *See Jordan v. Sec'y, Dep't of Corrections*, 485 F.3d 1351, 1357 (11th Cir. 2007) (noting that, after the Court of Appeals authorizes a district court to consider a second or successive petition, "the district court not only can, but must, determine for itself whether those requirements are met").

**III. Discussion**

While this § 2255 motion is Mr. Mitchell's third § 2255 motion, he did seek authorization to file a second or successive § 2255 motion from the Eleventh Circuit before filing his motion before this court. And the Eleventh Circuit authorized the successive petition because Mr. Mitchell made a sufficient threshold showing that the Supreme Court's holding in *Johnson*, as a new rule of constitutional law made retroactive by *Welch* to cases on collateral review pursuant to § 2255(h), may void his ACCA-enhanced sentence.

Now that the Eleventh Circuit authorized this court to review Mr. Mitchell's second or successive petition, this court must determine for itself whether Mr. Mitchell has met the requirements for a second or successive petition pursuant to § 2244(b)(4). *See Jordan*, 485 F.3d at 1357 ("[T]he district court not only can, but must, determine for itself whether those requirements are met."). Section 2244(b)(4) instructs the district court to "dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed *unless* the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4) (emphasis added).

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the *residual* clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563 (emphasis added). *Johnson* only voided the residual clause, and did not affect ACCA enhancements under the elements clause or the enumerated offenses clause. *Id.* And "[i]t is undisputed that *Johnson* announced a new rule." *Welch*, 136 S. Ct. at 1264. The Supreme Court decided *Johnson* in 2015, which was several years after Mr. Mitchell's former § 2255 motions in 2009 and 2011. In *Welch*, decided in 2016, the Supreme Court held that *Johnson* retroactively applies to cases on collateral review. *See id.* at 1265 ("*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review."). So, *Johnson* announced a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable to Mr. Mitchell.

But before the court can turn to the merits of Mr. Mitchell's motion, the court must establish that Mr. Mitchell's § 2255 petition *relies* on *Johnson* pursuant to § 2244(b)(2)(A). The government contends that Mr. Mitchell's petition does not rely on *Johnson* because he challenges whether his prior convictions were categorized by the district court under the

7

elements clause or the enumerated offenses clause, and *Johnson* only applies to the residual clause. On the other hand, Mr. Mitchell contends that his petition does rely on *Johnson* because his petition challenges the Eleventh Circuit's upholding of his sentencing as an armed career criminal under the residual clause. Although this court disagrees that Mr. Mitchell was sentenced under the residual clause, Mr. Mitchell's argument that he was sentenced under the residual clause and is now entitled to relief in light of *Johnson* is in fact reliance—albeit misplaced reliance—on *Johnson*.

Whether *Johnson* actually entitles Mr. Mitchell to relief is not the question at this point. Instead, the court must consider whether Mr. Mitchell's motion relied upon *Johnson* as grounds for relief. Mr. Mitchell's entire § 2255 motion rests upon his argument that the sentencing court improperly enhanced his sentence under the ACCA because his three predicate offenses were considered "violent felonies" under the now-void residual clause. So, regardless of whether he is entitled to relief under *Johnson*, Mr. Mitchell certainly relied on *Johnson*. *See Beeman v. United States*, 871 F.3d 1215, 1220–21 (11th Cir. 2017) (disagreeing with the district court's conclusion that the § 2255 motion did not assert a *Johnson* claim just because the petitioner failed to prove that he was sentenced under the residual clause).

So, pursuant to § 2244, Mr. Mitchell properly presented a successive application, authorized by the Eleventh Circuit, that relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2244.

Now that the court has determined that this petition is properly before it, the court turns to the merits of the petition. And here is the rule: "To prove a *Johnson* claim, a movant must establish that his sentence enhancement '*turn*[*ed*] *on the validity of the residual clause*.'"

8

*Beeman*, 871 F.3d at 1221 (quoting *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016) (emphasis added)).

The Eleventh Circuit explained the limited situations to which *Johnson* will apply on collateral review:

> Only if movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. That will be the case only (1) *if the sentencing court relied solely on the residual clause*, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*), to qualify a conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

*Id.* (emphasis added). The movant must prove that the sentencing court "more likely than not" relied on the residual clause in enhancing the sentence. *Id.* at 1221–22. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222. And, as a result, no remedy exists for Mr. Mitchell.

Here, Mr. Mitchell does not dispute that the *sentencing* court relied on the elements clause. At sentencing, the court specifically adopted the probation officer's response as to the ACCA enhancement. (Cr. Doc. 68 at 11). And the probation officer expressly relied upon the elements clause. (Cr. Doc. 52, Addendum). By extension, the sentencing court then relied upon the elements clause. Mr. Mitchell's only argument regarding the use of the residual clause comes from his direct appeal to the Eleventh Circuit. But, on appeal, the Eleventh Circuit did not mention whether Mr. Mitchell's prior convictions fell under the elements clause—despite the sentencing court's reasoning—and solely considered whether the convictions fell under the residual clause *sua sponte*.

On Mr. Mitchell's direct appeal, the Eleventh Circuit determined that Mr. Mitchell's prior convictions fell within the residual clause, and so the ACCA enhancement was proper. *Mitchell*, 407 F. App'x at 411. But the Eleventh Circuit ignored the reasoning of the sentencing court, which enhanced Mr. Mitchell's sentence under the elements clause by relying on the PSR. (Cr. Doc. 68 at 11). The Eleventh Circuit failed to consider whether the prior convictions fell under the elements clause. And the Eleventh Circuit ignored the parties' briefs, which never mentioned the residual clause. *See* Brief of Appellant Alex Nathan Mitchell, United States v. Mitchell, 407 F. App'x 407 (11th Cir. 2011) (No. 09-15292-BB), 2010 WL 5621781; Brief of Appellee, United States v. Mitchell, 407 F. App'x 407 (11th Cir. 2011) (No. 09-15292-BB), 2010 WL 5621782.

So, while the Eleventh Circuit found the sentence appropriate under the residual clause, the fact remains that the *sentencing* court relied on the elements clause, and the Eleventh Circuit never considered on appeal whether the prior convictions fell under the elements clause. And under *Beeman*, the relevant inquiry is whether the *sentencing* court relied on the residual clause, not whether the *appellate* court did so. *See* 871 F.3d at 1224 (holding that the movant failed to meet his burden when he could not demonstrate "that the district court relied on only the residual clause in sentencing him").

The sentencing court relied upon the PSR, which relied upon the elements clause for the ACCA enhancement. The PSR and the sentencing court did not mention the residual clause. So, Mr. Mitchell cannot show that the sentencing court more likely than not relied on the residual clause, and *Johnson* only applies to ACCA enhancements under the residual clause. Because Mr. Mitchell cannot meet his burden to establish his *Johnson* claim, the court must dismiss his § 2255 petition.

## IV. Conclusion

For the reasons discussed above, the court will DENY Mr. Mitchell's § 2255 motion. The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 22nd day of July, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE