IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALEX NATHAN MITCHELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:16-CV-8075-KOB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on Alex Nathan Mitchell's motion to amend (pursuant to Federal Rule of Civil Procedure 59(e)), the court's denial of his 28 U.S.C. § 2255 habeas petition. (Doc. 16.) Mr. Mitchell asks the court to both reconsider the ruling in light of *Weeks v. United States*, 930 F.3d 1263 (11th Cir. 2019) and grant a certificate of appealability. The Government responded to the motion (Doc. 18), and Mr. Mitchell replied (Doc. 20).

This court's memorandum opinion of July 22, 2019 explained in detail the lengthy procedural history of this case—and the even lengthier evolution of federal appellate courts' treatment of the Armed Career Criminal Act. (Doc. 13.) The narrow issue presented on this motion is whether the Eleventh Circuit's decision in *Weeks*—which allows a court contemplating a *Johnson* movant's ACCA sentence enhancement to consider the appeals record—entitles Mr. Mitchell to habeas relief. For the reasons explained below, the court finds that Mr. Mitchell is not entitled to relief will DENY the motion and request for a certificate of appealability.

**Standard of Review**

Motions filed under Rule 59(e) to alter or amend a judgment require "newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.

1

2007). An intervening change in controlling law—as Mr. Mitchell alleges here—may qualify a matter for reconsideration. *Summit Medical Center of Alabama, Inc. v. Riley,* 284 F. Supp. 2d 1350, 1353 (M. D. Ala. 2003). The decision to grant a Rule 59 motion lies within the discretion of the district court and is subject to review for abuse of discretion. *Arthur*, 500 F.3d at 1343.

**Discussion**

The Armed Career Criminal Act provides that a person who violates 18 U.S.C. § 922(g) and has three prior violent felony or serious drug offense convictions shall face an enhanced sentence. 18 U.S.C. § 924(e)(1). A "violent felony" is a crime punishable by imprisonment for more than one year that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another.

*Id.* § 924(e)(2)(B). Historically, courts interpreted this section as containing three clauses, each describing a discrete type of violent felony. Subsection (i) is called the "elements clause" because predicate offenses under this clause must include one of the three stated elements in Subsection (i). Subsection (ii) is split into two clauses: the (a) "enumerated offenses clause" specifically lists "burglary, arson, or extortion," or a crime that "involves use of explosives"; and (b) the "residual clause," somewhat of a catch-all, refers to those crimes that "otherwise involve[] conduct that presents a serious risk of physical injury to another." In 2015, the U.S. Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ruled that the residual clause is unconstitutionally vague.

On July 22, 2019, when reviewing Mr. Mitchell's § 2255 petition in light of *Johnson,* this court noted that the sentencing court relied on the elements clause, yet on appeal, the Eleventh Circuit upheld the ACCA enhancement by referring only to the residual clause.

2

On the same day as this court's opinion, the Eleventh Circuit issued *Weeks*. Most relevant to the instant motion, the Eleventh Circuit held that

> when a § 2255 movant raising a *Samuel Johnson* claim has challenged his ACCA sentence enhancement on direct appeal, the § 2255 court may consider the record through the time of the direct appeal, and the relevant legal precedent through that time in determining whether the claimant has proved more likely than not that his enhancement was caused solely by the residual clause.

*Weeks*, 930 F.3d at 1275. To demonstrate the need for expanding the range of evidence that a court may consider, the Eleventh Circuit presented a hypothetical in which the sentencing court held that a predicate offense met the elements clause, but the appellate court *expressly* disagreed and relied solely on the residual clause in finding that the predicate offense constituted a violent felony. *Id.* at 1275 n.9. Under such circumstances, "common sense dictates that the direct appeal must be considered to ascertain the *ultimate cause of* the enhancement." *Id.* at 1275 (emphasis added).

No such express disagreement applies here, as the Eleventh Circuit's affirmation of Mr. Mitchell's ACCA enhancement did not consider the sentencing court's finding that the elements clause applied. In fact, the parties on appeal did not discuss the applicability of the clauses and the appellate opinion never mentioned either the elements clause or the enumerated offense clause.

Seizing on the appellate court's silence regarding the elements and enumerated offense clauses, Mr. Mitchell argues that once this court considers the fact that the Eleventh Circuit *actually* relied on the residual clause, this court *must* find, by a preponderance of the evidence, that the Eleventh Circuit *could have only* relied on the residual clause.

Yet the facts of this case indicate that the Eleventh Circuit could have relied on the elements clause. As the *Weeks* opinion explained, "A § 2255 claimant raising a *Samuel Johnson*

claim and referencing evidence from the period of direct appeal must still show that it is more likely than not that the direct appeal panel could have *only relied on* the residual clause" (emphasis original; quotation marks omitted).

Little imagination is required to envision a Venn diagram in which all three ACCA clauses envelop a single violent felony; the clauses are not mutually exclusive. So just because the Eleventh Circuit found that the residual clause applied to Mr. Mitchell's ACCA enhancement does not mean that the Eleventh Circuit could not have found the elements clause also applied— especially because the sentencing court concluded that all three of Mr. Mitchell's convictions qualified for ACCA enhancement under the elements clause.

Contemplating the instant scenario with uncanny precision, the Eleventh Circuit in *Weeks* explained that an

> appellate opinion that merely cites to the residual clause in affirming the claimant's ACCA enhancement and does not address whether the elements clause could also serve as a basis for the enhancement will not carry a claimant's burden unless there is other evidence making it more likely than not that only the residual clause was relied upon.

*Weeks*, 930 F.3d at 1275.

Here, the appellate opinion cited to the residual clause and did not address whether the elements clause could also serve as a basis for the enhancement. And the sentencing court only cited the elements clause when considering Mr. Mitchell's predicate offenses. Because Mr. Mitchell provides no other evidence beyond these facts, he has not met the preponderance of the evidence standard requiring him to show that the residual clause was the sole cause of his ACCA enhancement. For this reason, Mr. Mitchell's motion to amend will be DENIED.

For this same reason, the court will DENY Mr. Mitchell's request for a certificate of appealability. The court may issue a certificate of appealability "only if the applicant has a made

a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, Mr. Mitchell must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds Mr. Mitchell's claims satisfy neither standard.

Mr. Mitchell asks the court to certify two questions; the first is whether this court can consider the Eleventh Circuit's reliance on the residual clause for Mr. Mitchell's ACCA enhancement. (Doc. 16 at 5.) The answer to this question is yes. *Weeks* holds that a district court may consider all relevant information, including the direct appeal. Mr. Mitchell next asks whether he has proven, by a preponderance of the evidence, that his sentence enhancement depended only on the residual clause. *Id.* Yet the Eleventh Circuit, on direct appeal, did not address whether the elements clause could apply, and Mr. Mitchell provided no additional information to suggest that the residual clause could be the sole basis for his ACCA enhancement; this means that the answer to the second question is no. Because reasonable jurists could not disagree on this matter and Mr. Mitchell provides inadequate encouragement to proceed further, the court cannot certify these questions.

**Conclusion**

For the reasons discussed above, the court will DENY Mr. Mitchell's motion to amend and request for a certificate of appealability. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this 24th day of September, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE